IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| ASHLEY PATTON,<br>Olathe, Kansas, | )<br>)<br>) | |
| Plaintiff, | )<br>) | **JURY TRIAL DEMAND** |
| v. | )<br>) | Case No. 13-cv-2186 KHV/JPO |
| ENTERCOM KANSAS CITY, L.L.C.<br>Serve: Registered Agent<br>The Corporation Company, Inc.<br>515 South Kansas Avenue<br>Topeka, Kansas  66603 | )<br>)<br>)<br>)<br>)<br>) | **PLEASE NOTE PLAINTIFF'S<br>CONTEMPORANEOUS MOTION<br>FOR LEAVE TO FILE COMPLAINT<br>AND PROCEED USING INITIALS OR<br>PSEUDONYM OR TO PROCEED** |
| Defendant. | ) | **UNDER SEAL** |

## COMPLAINT

COMES NOW Plaintiff Ashley Patton, by her counsel, and for her Complaint against Defendants Entercom Kansas City, L.L.C., states and alleges as follows:

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues raised herein.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests that the trial of this cause be held in Kansas City, Kansas.

### INTRODUCTION

1. This is an action seeking damages for false light invasion of privacy and negligent supervision under Kansas state law.

2. As set forth in more detail below, Defendant's agents and/or employees, who, at all times relevant to this Complaint, were employed at Defendant's radio station, KRBZ-FM

96.5 The Buzz, published false representations about Plaintiff which a reasonable person would find highly offensive – that she was a local pornography star – over the radio on a very popular "morning drive" show called "Afentra's Big Fat Morning Buzz".

## THE PARTIES

3. Plaintiff Ashley Patton is a resident of Olathe, Johnson County, Kansas.  At all times relevant hereto, Plaintiff was a law student at the University of Kansas School of Law. She graduated from Olathe South High School in 2007.

4. Defendant Entercom Kansas City, L.L.C., is a Limited Liability Company organized under the laws of the State of Delaware.  The address of its principal office in the jurisdiction under the laws of which it is organized is CT Corporation, 1209 Orange Street, Wilmington, Delaware 19801.  It is registered with the Secretary of State of Kansas to do business in Kansas as a foreign L.L.C.  On information and belief, Entercom Kansas City, L.L.C. does business in the Kansas City Metropolitan Area as, and owns and operates, Radio Station KRBZ-FM 96.5 The Buzz, at 4935 Belinder Road, Westwood, Johnson County, Kansas.  Defendant Entercom Kansas City, L.L.C. may be served through its registered agent for service of process in Kansas, The Corporation Company, Inc., 515 South Kansas Avenue, Topeka, Kansas 66603.

5. At the time of Entercom Kansas City, L.L.C.'s registration with the Kansas Secretary of State in January, 1999, the sole member of Entercom Kansas City, L.L.C. was Entercom Communications Corp., a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. However, by the time Entercom Kansas City, L.L.C. filed its Annual Report with the Kansas

Secretary of State on February 27, 2001, it was reporting that its sole member was Entercom Radio, L.L.C.  The Annual Report for Entercom Kansas City, L.L.C. filed on April 17, 2013, gave the signature of the member as Entercom Radio, L.L.C.

6. Entercom Radio, L.L.C. is a Limited Liability Company organized under the laws of the State of Delaware.  Its mailing address and principal place of business is c/o Entercom Communications Corp., 401 City Avenue, Suite 809, Bala Cynwyd, Pennsylvania 19004, and it is registered to do business as a foreign limited liability company in Pennsylvania.  Entercom Radio, L.L.C. is a wholly owned subsidiary of Entercom Communications Corp.  Defendant Entercom Kansas City, L.L.C. is a subsidiary of Entercom Radio, L.L.C.

7. The citizenship of Defendant Entercom Kansas City, L.L.C. is Delaware because that is the citizenship of its sole member, Entercom Radio, L.L.C., given that Entercom Radio, L.L.C. is organized under the laws of Delaware.  Alternatively, the citizenship of Defendant Entercom Kansas City, L.L.C. is Pennsylvania because that is the citizenship of Entercom Radio, L.L.C. given that Pennsylvania is the principal place of business of Entercom Radio, L.L.C.

8. Because Plaintiff is a citizen of Kansas and Defendant Entercom Kansas City, L.L.C. is a citizen of either Delaware or Pennsylvania by virtue of the citizenship of its sole member, there is complete diversity as between Plaintiff and Defendant.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States (as pleaded in

paragraphs 4-8). Plaintiff is a citizen of the State of Kansas and Defendant Entercom Kansas City, L.L.C. is a citizen of either Delaware or Pennsylvania by virtue of the citizenship of its sole member, Entercom Radio, L.L.C.

10. The Court has personal jurisdiction over Defendant because the unlawful acts and conduct complained of herein occurred at Defendant's radio station, KRBZ-FM 96.5 The Buzz, located at 4935 Belinder Road, Westwood, Johnson County, Kansas, which lies within the District of Kansas. In addition, Defendant Entercom Kansas City, L.L.C. can be found within the District of Kansas and has at least minimum contacts within the District of Kansas in that it owns and operates Radio Station KRBZ-FM 96.5 The Buzz in Westwood, Johnson County, Kansas.

11. Venue is proper in this Court pursuant to 29 U.S.C. § 1391 because a substantial part of the acts and conduct giving rise to Plaintiff's claims occurred in Westwood, Johnson County, Kansas, which lies within the District of Kansas and because Defendant transacts business within the District of Kansas.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12. At all times relevant to this Complaint, Defendant's Radio Station KRBZ-FM 96.5 aired a morning drive radio program anchored by two hosts, a male, whose on-air name is "Dannyboi" and a female, whose on-air name is "Afentra". The show is called "Afentra's Big Fat Morning Buzz" (hereinafter "the Morning Buzz"). The program was described in a February 7, 2013 *Kansas City Star* article as "one of Kansas City's most popular morning radio shows."

13. On the morning of April 20, 2012, during the Morning Buzz, Afentra and

4

Dannyboi engaged in some banter regarding something they referred to as "No butt-hole, no caring", then turned their discussion to a woman from Independence who had appeared on The Ellen DeGeneres Show whom they referred to as "not cute, but representative of Independence, Missouri."

14. The Morning Buzz hosts then shifted the discussion to a news article about a California middle school science teacher who had been fired for appearing in a pornographic movie. While they were on the air, Afentra and Dannyboi Googled the teacher's name and searched for her image. Soon, their discussion evolved into whether or not there were any Kansas City area porn stars.

15. The discussion of whether or not there were any Kansas City area porn stars prompted listeners to text into the program's text line the names of persons that were said to be local porn stars.

16. As the names were texted into the station and received by Afentra and Dannyboi, they read the names over the air. One such reading named "K_____", spelled with a K, elaborated the hosts, "L_____ C_____, from St. Joseph, not my type, she bleeped my boss."

17. The texts kept coming in and the hosts continued to air the names with the names of suburbs or high schools associated with the names. After a break for advertisements, the hosts continued reading names and commenting. The hosts informed listeners that the names they were reading were being posted on the station's website and Afentra told listeners that they now had a "healthy list" of names posted.

18. At that point, Dannyboi announced, "*This is going to be good guys.*" He paused for a second, then continued, "Ashley Patton, Olathe South. *This is the one we have been*

5

*waiting for.*  Let's Google this one."

19.  The discussion stopped as Dannyboi used Google to search for Plaintiff's picture.

20.  When the phrase "Ashley Patton Olathe South" is searched in Google, Plaintiff's image promptly appears.

21.  After the search, the hosts continued talking about Plaintiff:

Dannyboi:     "Oh god!  Why would she go into that kind of pornography?

Afentra:      "Let me see it.  Is this the one from Olathe South?"

Dannyboi:     "Rat!   Ha, ha, ha, ha!  Don't choke her, Jesus!"

Afentra:      "Ha, ha, ha."

Dannyboi:     "That's not very nice.  You are a porn lover."

22.  After those comments, the station ran some traffic announcements.

23.  The program was heard live by a male, N.P.  N.P. telephoned a friend of Plaintiff's, R.J.T., and told R.J.T. what he had heard.

24.  R.J.T. listened to the online podcast of the broadcast and then telephoned Plaintiff to tell her what had been broadcast about her throughout the Kansas City Metropolitan Area.

25.  Plaintiff contacted her father who, in turn, listened to the online podcast, determined who owned 96.5 The Buzz, and contacted Defendant's General Counsel's office to complain.

26.  Within about four hours, the online references to Plaintiff and the podcast were removed from the station's website.

## COUNT I
### FALSE LIGHT INVASION OF PRIVACY

27. Plaintiff hereby adopts, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

28. Plaintiff had never had any connection whatsoever with pornography and was never a "local porn star."  Therefore, the publication over local radio airwaves (constituting publication to a third party) that she was a "local porn star" was a false representation of Plaintiff.

29. Plaintiff was and is not a public figure, and she has led an exemplary life and has many high school, college, and outside accomplishments of which she is justifiably proud.  Her reputation as a citizen and her character as a future lawyer are important to her.

30. Plaintiff was distressed and deeply disturbed by having been falsely identified to the entire Kansas City Metropolitan Area as a "local porn star."

31. The false identification of Plaintiff as a "local porn star" occurred near the end of the second semester of Plaintiff's first year in law school as she was preparing for final examinations and was already under stress related to her academic pursuits.

32. The false identification of Plaintiff as a "local porn star" caused Plaintiff to suffer mental distress from having been exposed to public view and, more specifically, to suffer disruption of  Plaintiff's sleep.  It also caused her to experience agitation and anxiety that continued into the summer.  Finally, while in Georgia for a summer clerkship, she sought care and was prescribed medications for her sleeplessness, agitation, and anxiety.  She continues to suffer symptoms and take medications.

33. The publication over the radio airwaves of the false representation of Plaintiff as a

7

"local porn star" was and is highly offensive to reasonable persons.

34. The publication of the false representation that Plaintiff was a "local porn star" was not made in good faith nor was it made by persons with any legitimate interest or duty to persons having a corresponding interest or duty nor with publication only to proper parties and, therefore, no privilege is applicable. Further, whether Plaintiff was a "local porn star" is not a matter of public concern.

35. The acts and conduct of Defendant's employees caused Plaintiff to suffer injuries and actual damages including the mental distress, sleeplessness, anxiety, and agitation referred to above in paragraph 32 as well as emotional suffering, humiliation, embarrassment, insult, and inconvenience.

36. The acts and conduct of Defendant's employees caused Plaintiff to sustain damages in excess of $75,000.00.

37. Defendant is liable for the acts and conduct of its employees.

38. The acts and conduct of Defendant's employees was willful, wanton, reckless, and malicious, and further, shows a complete and deliberate indifference to, and conscious disregard for, the rights of Plaintiff. Therefore, Plaintiff is entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendant or to deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff requests that this Court, after a trial by jury of Plaintiff's claim, enter a judgment against Defendant for Plaintiff's actual, compensatory, and punitive damages as are proven at trial and are fair and reasonable, for her costs herein, and for any such further legal and equitable relief as this Court deems appropriate.

## COUNT II
### NEGLIGENT SUPERVISION

39. Plaintiff hereby adopts, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 38 above.

40. Defendant had a duty to Plaintiff to control, direct, and supervise the conduct of its agents and employees, Afentra and Dannyboi, arising from their master and servant relationship.

41. Defendant had a duty to Plaintiff to exercise reasonable care to prevent its agents and employees from wrongfully portraying Plaintiff in a false light to the public, thereby invading her privacy.

42. Defendant negligently failed to exercise the proper degree of control and supervision of its agents and employees that reasonable employers would have under the circumstances.

43. Plaintiff has been damaged as a direct and proximate result of Defendant's failure to supervise in that the acts and conduct of Defendant's employees caused Plaintiff to suffer injuries and actual damages including the mental distress, sleeplessness, anxiety, and agitation referred to above in paragraph 32 as well as emotional suffering, humiliation, embarrassment, insult, and inconvenience.

44. Defendant's failure to supervise its employees and agents and the acts and conduct of those employees caused Plaintiff to sustain damages in excess of $75,000.00.

45. Defendant's failure to exercise reasonable care in supervising its employees and agents was willful, wanton, reckless, and malicious, and further, shows a complete an deliberate indifference to, and conscious disregard for, the rights of Plaintiff.  Therefore

Plaintiff is entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendant or to deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff requests that this Court, after a trial by jury of Plaintiff's claim, enter a judgment against Defendant for Plaintiff's actual, compensatory, and punitive damages as are proven at trial and are fair and reasonable, for her costs herein, and for any such further legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

ARTHUR BENSON & ASSOCIATES


By   s/ Arthur A. Benson II
Arthur A. Benson II  D.Kan. # 70134
Jamie Kathryn Lansford D.Kan #70220
4006 Central Avenue (Zip for Courier: 64111)
P.O. Box 119007
Kansas City, Missouri 64171-9007
(816) 531-6565
(816) 531-6688 (telefacsimile)
abenson@bensonlaw.com
jlansford@bensonlaw.com

Attorneys for Plaintiff