IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ASHLEY PATTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 13-2186-KHV |
| ENTERCOM KANSAS CITY, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's <u>Motion For Leave To File Complaint And Proceed Using Initials Or Pseudonym, Or, In The Alternative, To Proceed Under Seal</u> (Doc. #4) filed April 19, 2013. Plaintiff seeks leave to proceed in this case identified only by her initials, "A.P.," or as "Jane Doe." Alternatively, she moves that the case proceed under seal. Defendant Entercom Kansas City, LLC opposes the motion. For the reasons set forth below, the Court overrules plaintiff's motion.

## Factual Background

Plaintiff represents that on April 12, 2012, two morning radio hosts publicly cast her in a false light when they read on-air a text message from a listener that identified her, by name, as a "local porn star" and graduate of Olathe South High School. <u>Complaint</u> (Doc. #1), filed April 19, 2013, ¶¶ 4, 17, 28. These comments were broadcast on KRBZ-FM 96.5 The Buzz, which is operated by Entercom. <u>Id.</u> ¶ 2. The station uploaded a recording to its website, but later removed it at the request of plaintiff's father. <u>Id.</u> ¶¶ 25–26.

Plaintiff identifies herself as a "young law student" with a "sterling reputation . . . who highly values her reputation as a citizen of the community." <u>Memorandum In Support Of Motion For Leave</u>

To File Complaint And Proceed Using Initials Or Pseudonym, Or, In The Alternative, To Proceed Under Seal (Doc. #5), filed April 19, 2013, at 3.  She states that she is proud of her academic and extracurricular accomplishments, and she values her reputation as a citizen and her character as a future lawyer.  The incident allegedly caused her to become "distressed and deeply disturbed."  She ultimately sought treatment and medication for "sleeplessness, agitation, and anxiety," id. ¶¶ 30, 32, and she continues to suffer these symptoms and take medication.  Doc. #5 at 4.

## Legal Analysis

### I. Proceeding Under A Pseudonym

No federal rule or statute allows a plaintiff to unilaterally use a pseudonym in court filings to conceal his or her real name.  Litigants using the courts must ordinarily accede to the inherently public nature of the proceedings.  Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000).  Indeed, proceeding anonymously is contrary to the spirit of Rules 10(a) and 17(a), Fed. R. Civ. P., which require respectively that pleadings contain the parties' names and that an action be prosecuted in the name of the real party in interest.  See Raiser v. Church of Jesus Christ of Latter-Day Saints, 182 F. App'x 810, 811 (10th Cir. 2006).  In exceptional circumstances, however, courts may permit a plaintiff to proceed under a pseudonym when highly sensitive and important privacy interests are at stake.  M.M. v. Zavaras, 139 F.3d 798, 802-03 (10th Cir. 1998) (quoting Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118, 1125 (10th Cir. 1979)).

The Court exercises "informed discretion" when deciding whether to allow a plaintiff to proceed under the cloak of anonymity.  Zavaras, 139 F. 3d at 803.  In particular, the Court weighs plaintiff's interest in privacy against the public's interest in access to open court proceedings.  See id.  In the rare instance in which a court permits the practice, the case usually involves abortion, birth

control or welfare prosecutions involving abandoned or illegitimate children. See Lindsey, 592 F.2d at 1125.

Plaintiff's assertions do not demonstrate that her need for privacy outweighs the public's interest in access to open court proceedings. Openness provides a substantial benefit and the public has an interest in knowing the identities of litigants. Raiser, 182 F. App'x at 811. Only in exceptional circumstances will the need for anonymity outweigh the presumption in favor of open proceedings. Id. Specifically, "exceptional circumstances exist if the case involves matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure" of the plaintiff's identity. Id. (internal quotations omitted).

Plaintiff alleges that the radio announcement involved matters of a highly sensitive and personal nature, but she also represents that she never "had any connection whatsoever with pornography." One's sexual practices and preferences are among the most intimate parts of one's life. Doe v. B.C.B.S. of Rhode Island, 794 F. Supp. 72, (D.R.I. 1992) (permitting transsexual plaintiff to proceed under pseudonym). When these practices fall "outside the realm of conventional practices which are generally accepted without controversy, ridicule or derision, that interest is enhanced exponentially." Id.; see also W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir. 2001) (plaintiffs' interest in keeping sexual habits from public scrutiny may warrant use of pseudonym); Coe v. U.S. Dist. Ct. for Dist. of Colo., 676 F.2d 411, 416 (10th Cir.1982) (listing cases allowing pseudonyms for challenges to laws involving birth control, abortion and homosexuality, among others). Patton does not argue that her sexual practices fall outside the norm. To the contrary, she denies any connection to pornography. Her denial leaves the inference that her intimate lifestyle

choices fall within the mainstream. Her argument, therefore, does not elevate her interest in privacy to the level necessary to allow her to proceed under a pseudonym.

Furthermore, this is not a case "where the injury litigated against would be incurred as a result of the disclosure" of plaintiff's identity. See Zavaras, 139 F.3d at 803. Taking plaintiff's allegations as true, the injury already occurred. She is not suing to prevent disclosures from being made; rather, she is suing for compensation for disclosures that have been made. The evidence presented shows that the "cat is already out of the bag," and the Court will not attempt to put it back. See Doe v. F.B.I., 218 F.R.D. 256, 260 (D. Colo. 2003); Raiser, 182 F. App'x at 812 n. 2.

By initiating this action for damages, plaintiff has chosen to bring a private matter into the public eye. She provides no evidence upon which the Court could conclude that the injury that she describes will be repeated or exacerbated as a result of this litigation. Prosecuting a lawsuit is much different than being the surprise subject of one-sided shock-talk on a morning radio program. Plaintiff will have an obligation to tell her side of the story. She will also have to relive the facts of the case whether or not she proceeds under a pseudonym. See Doe v. F.B.I, 218 F.R.D. at 259 (denying plaintiff's request to proceed under pseudonym or under seal because initiating action for damages is choice to bring private matter into public eye).

Finally, although the Court acknowledges that Patton greatly values her reputation as a community member and future lawyer, plaintiffs alleging damage to their personal and professional reputations are generally not allowed to proceed anonymously. See id.; Lindsey, 592 F.2d at 1125. The possibility of a plaintiff suffering embarrassment is also not enough to outweigh the presumption of openness. Zavaras, 139 F.3d at 803. Plaintiff has not demonstrated that this case presents such an unusual situation that the need for anonymity outweighs the public interest in open court

proceedings. See id. Accordingly, the Court overrules plaintiff's motion to proceed under a pseudonym.

## II. Proceeding Under Seal

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277,1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). And, although the Court has discretion to seal documents if the parties advance competing interests that outweigh the public's right of access, id.; United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985), plaintiff fails to address any of the factors that may support such a conclusion by the Court. Thus, the Court denies plaintiff's motion to proceed under seal.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Leave To File Complaint And Proceed Using Initials Or Pseudonym, Or, In The Alternative, To Proceed Under Seal (Doc. #4) filed April 19, 2013 be and hereby is **OVERRULED**.

Dated this 11th day of July, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge