# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | | |
|---|---|---|
| ASHLEY PATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-2186-KHV-JPO |
| | ) | |
| ENTERCOM KANSAS CITY, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Ashley Patton ("Plaintiff") and Defendant Entercom Kansas City, LLC ("Defendant"), by and through their respective counsel, have stipulated to the terms of this Order. The Court being fully advised of the terms and agreement herein, it is hereby **ORDERED**:

1. **Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private information concerning both parties and nonparties, including, for example, but not limited to, Plaintiff's confidential medical, psychiatric, and psychological records and other private documents regarding Plaintiff's personal history and conditions, as well as confidential matters concerning Defendant's business practices and employee personnel files. The privacy interests in such information substantially outweigh the public's right of access to judicial records. Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons

1

associated with this matter, and the above-described documents, reside or work in a relatively small community and/or in the legal profession; and disclosure of the confidential information contained in Plaintiff's medical, psychiatric, and psychological records and Defendant's business records could potentially impact the parties' business and personal relationships and Defendant's trade secrets. However, by agreeing to the entry of a protective order to govern confidential information, the parties do not intend to waive any objections that information considered "confidential" under this Order may not be subject to objection and withholding from disclosure on other grounds.

2. **Confidential Information.** The parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The parties have further agreed that this shall include, but is not necessarily limited to, information relating to the following topics: confidential and proprietary information concerning Defendant and its business practices; the confidential personnel and/or human resource files of any of Defendant's current or former employees; and medical, psychiatric, psychological, financial and/or tax records relating to Plaintiff.

3. **Designating documents and interrogatory answers as confidential**. Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential." Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a

designation, and, in that case, the material is treated as confidential only after being properly designated. Confidential Information that is set forth, summarized, or otherwise referenced in transcripts, depositions, affidavits, exhibits, briefs, memoranda, discovery responses, pleadings or other materials in this matter shall likewise be deemed Confidential subject to this Order. Prior to filing or submitting to the Court any Confidential Information or any document or exhibit that summarizes or describes the substance of any Confidential Information, the parties agree to file a motion or application to file such documents or exhibits under seal. However, if the Court refuses to enter such order, then the parties may file or submit any Confidential Information or any document or exhibit that summarizes or describes the substance of any Confidential Information to the Court.

Parties to this action may also designate deposition testimony as Confidential Information by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes should be designated as Confidential. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

Should counsel for any receiving party receive any particular document or information that they believe should be designated as Confidential, counsel shall notify counsel for the producing party in writing within five (5) days of receipt, or ten (10) days after this order has been signed for documents previously produced, specifying with particularity the document or

information designated as Confidential and such shall be treated as Confidential by all other parties to this action.

4. **Disclosure of Confidential Information.** Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

(a) The parties;

(b) Their counsel, and counsels' legal and clerical assistants and staff;

(c) Persons with prior knowledge of the documents or the Confidential Information contained therein;

(d) Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

(e) Any independent document reproduction services or document or video recording and retrieval services; and

(f) Any expert witness or outside consultant retained or consulted by the parties.

Counsel shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order, and they shall agree in writing to be bound prior to sharing this Confidential Information with them, except court personnel shall not be required to sign any such agreement.

779432v1

5.  **Disputes Concerning Designation(s) of Confidential Information.**  In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as Confidential, the party shall first try to resolve the matter on an informal basis.  If the dispute cannot be resolved informally, the party challenging the confidentiality of the information may apply for appropriate relief from this Court.

6.  **Binding Effect of This Order.**  This Order is binding upon the parties, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony are limited pursuant to the terms of this Order.

7.  **Use of Confidential Information.**  The parties and their counsel shall exercise reasonable care not to disclose information contained in confidential documents by placing them in the public record in this case.  If a party wishes to use any confidential information in any affidavit, brief, memorandum, or other paper filed in this Court in this case, such paper or transcript may be filed under seal only upon separate, specific motion and later order of the Court.  The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in depositions and the trial of this case.  The parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion *in limine* regarding the use of any such documents.

In the event any party wishes to use Confidential Information at a deposition, the producing party may compel all persons other than the deponent, court reporter, and authorized persons to be excused from the depositions during the time that the Confidential Information is

being disclosed or discussed.  At the time of the deposition or within ten (10) days after receipt of the deposition transcript, the producing party may designate as Confidential certain portions of the transcript, which contain or relate to Confidential Information.  All portions of deposition transcripts shall be treated as Confidential until ten (10) days after receipt of the deposition transcript by the producing party.  If the producing party, within ten (10) days of receipt of such designation transcript designates portions of the transcript as confidential, said producing party shall cause the transcript to be stamped "Confidential."

       8. **Return of Confidential Information.**  At the conclusion of this litigation the parties' respective counsel shall, within thirty days, and upon written request by the other party, return all documents which fall under the scope of this Order.  If respective counsel fails to make a written request for the return of documents within thirty days of the conclusion of this litigation, their right to do so is waived, and other counsel may destroy such records at their option.  The parties, however, retain the right to keep any documents that were admitted as exhibits in this case.

       9. **Inapplicability.**  The restrictions set forth in any of the preceding paragraphs shall not apply to information which:

       a.    Was, is, or becomes public knowledge, not in violation of this Order;

       b.    Is acquired by the parties from a third party lawfully possessing such information, provided such information in the hands of the third party is not itself subject to this Order or other confidentiality agreement, provision or regulation governing disclosure of the information; or,

       c.    Was lawfully possessed without an agreement to maintain it as Confidential

Information by the parties prior to discovery in this case.

10. **Modifications.** The parties hereto reserve all rights to apply to the Court for an Order (a) modifying this Order; or (b) seeking further protection against discovery or other use of Confidential Information or documents, transcripts, or materials reflecting Confidential Information.

**IT IS SO ORDERED**.

Dated July 25, 2013 at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

Jointly Submitted and Approved by:

**ARTHUR BENSON & ASSOCIATES**

By  s/ Arthur A. Benson II
Arthur A. Benson II  D. Kan. #70134
Jamie Kathryn Lansford D. Kan. #70220
4006 Central Avenue
P.O. Box 119007
Kansas City, Missouri 64171-9007
(816) 531-6565
(816) 531-6688 (telefacsimile)
abenson@bensonlaw.com
jlansford@bensonlaw.com

*Attorneys for Plaintiff*

and

**SEIGFREID BINGHAM, P.C.**

By  s/   Frederick H. Riesmeyer, II
Frederick H. Riesmeyer, II  D.Kan. #70401
Shannon D. Cohorst Johnson   D. Kan. #23496
911 Main Street, Suite 2800
Kansas City, Missouri  64105
(816) 421-4460
(816) 474-3447 (telefacsimile)
friesmeyer@seigfreidbingham.com
sjohnson@seigfreidbingham.com

*Attorneys for Defendant*