# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ASHLEY PATTON, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | )   **CIVIL ACTION** |
| v. | ) |
| | )   **No. 13-2186-KHV** |
| ENTERCOM KANSAS CITY, LLC, | ) |
| | ) |
|        **Defendant.** | ) |
| | ) |

## MEMORANDUM AND ORDER

Ashley Patton brings suit against Entercom Kansas City, L.L.C. for false light invasion of privacy and negligent supervision. This matter comes before the Court on Entercom's Motion For Leave To File Under Seal And Memorandum In Support (Doc. #62) filed February 3, 2014. Entercom asks the Court to enter an order allowing it to file under seal its motion for summary judgment, the memorandum in support thereof and related exhibits. The only stated reason is that because the documents contain information which plaintiff has designated as confidential pursuant to the protective order entered in this case, defendant is obligated to file this motion. See Stipulated Protective Order (Doc. #20) filed July 25, 2013.

Federal courts have long recognized a common law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore has discretion to

seal documents if competing interests outweigh the public's right of access. Id.; United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292. The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149.

Plaintiff has marked her medical records confidential. In support of its motion to file under seal, defendant alleges that its motion for summary judgment and memorandum in support excerpt plaintiff's medical records and attach them as exhibits. The stipulated protective order filed in this case provides that "[p]rior to filing or submitting to the Court any Confidential Information or any document or exhibit that summarizes or describes the substance of any Confidential Information, the parties agree to file a motion or application to file such documents or exhibits under seal." Doc. #20 at 1. Defendant does not suggest why this information, if disclosed, might be harmful to either party. Neither does defendant demonstrate that redaction would be insufficient to protect any information which is legitimately confidential personal information. Pursuant to Section II., I. of the District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, defendant may redact confidential personal information as set forth therein.[1]

---

[1] The procedure includes the following directive:

To address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:

(continued...)

As in Helm, defendant has not articulated a substantial interest that justifies overriding the public's substantial interest in access to court records. The Court therefore overrules the motion to file under seal.

**IT IS THEREFORE ORDERED** that Entercom's Motion For Leave To File Under Seal And Memorandum In Support (Doc. #62) filed February 3, 2014 be and hereby is **OVERRULED**.

Dated this 28th day of February, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

<sup>1</sup>(...continued)
1. Social Security numbers: Use only the last four numbers;

2. Minors' names: Use the minors' initials;

3. Dates of birth: Use only the year; and

4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.

In addition, parties may modify or partially redact other confidential information as permitted by the court (*e.g.*, driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information.)

District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I.