## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| ASHLEY PATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-2186-KHV-JPO |
| | ) | |
| ENTERCOM  OF KANSAS CITY, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S TRIAL BRIEF

COMES NOW Defendant Entercom of Kansas City, L.L.C. ("Defendant"), and for its

Trial Brief states:

**I.      Requirements to Establish a Submissible Case for False Light Invasion of Privacy.**

The elements of a claim for false light invasion of privacy can be summarized as follows:

1.  The defendant publicized a matter concerning the plaintiff that places the plaintiff in a false light;

2.  The false light in which the plaintiff was placed would be highly offensive to a reasonable person;

3.  The defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed ("actual malice").

Memorandum and Order (Doc. 77) at p. 12 (citing Restatement (Second) of Torts § 652E (1977); *Rinsley v. Brandt,* 700 F.2d 1304, 1307 n.3 (10th Cir. 1983)).

In order to make a submissible case, the plaintiff must present a legally sufficient basis to support all of the essential elements of her claim. *Lewis v. Board of Sedgwick County Com'rs,* 140 F.Supp.2d 1125, 1131-1132 (D. Kan. 2001). If reasonable persons could not find that evidence justifies decision for a party on each essential element of the plaintiff's claim, the court

868984v1

should grant judgment as a matter of law pursuant to Rule 50. *Nobelpharma Ab v. Implant Innovations, Inc.,* 930 F.Supp. 1241, 1249 (N.D. Ill. 1996).

> ## II.     Actual Malice Must Be Established by Clear and Convincing Evidence

The actual malice element of a claim for false light invasion of privacy must be established by clear and convincing evidence.[1] Evidence is clear and convincing only if it shows the truth of the fact asserted is highly probable. PIK 4th-Civil 102.11.

The case of *Kelley Metal Trading Company v. Al-Jon/United, Inc.,* 877 F.Supp. 1478 (D. Kan. 1995) is instructive. In that case, the court considered whether the plaintiff made a submissible case for fraudulent misrepresentation which, just like a claim for false light invasion of privacy, requires the plaintiff to prove by clear and convincing evidence that the defendant either intentionally made a false statement or made a statement with reckless disregard as to its truth or falsity. See *id.* at 1482. "Such evidence is necessary to avoid judgment as a matter of law." *Id.* The court in *Kelley Metal Trading Company* held that, although the plaintiff presented evidence from which the jury could determine the representations at issue were false, "the

---

[1] *Machleder v. Diaz,* 801 F.2d 46, 56 (2nd Cir. 1986)(unlike defamation, "in false light litigation it takes clear and convincing evidence to establish the claim."); <u>see also</u> *New York Times Co. v. Sullivan,* 376 U.S. 254, 285-286 (1964) (holding that actual malice must be proved with "convincing clarity"); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 342 (1974) (actual malice must be shown by "clear and convincing proof"); *Addington v. Wal-Mart Stores, Inc.,* 81 Ark. App. 441, 452, 105 S.W.3d 369, 377 (2003) ("In false light actions, the plaintiff's burden of proof is governed by the clear and convincing evidence standard."); 62A Am. Jur. 2d Privacy § 144 ("In false-light invasion of privacy actions, as in defamation actions, there can be no recovery as a general rule without showing by clear and convincing evidence that the defendant has publicized the complained-of matter with constitutional 'actual malice' . . ."); Diane Leenheer Zimmerman, <u>False Light Invasion of Privacy: The Light That Failed</u>, 64 N.Y.U. L. Rev. 364, 440 (1989) ("The Supreme Court has tried to compensate for the problem of such errors by requiring the plaintiff to prove elements of actual malice by clear and convincing evidence, a higher burden of proof than is normally applied in a civil action."); 59 A.L.R.4th 502 ("Perhaps the key element of false light invasion of privacy for the plaintiff to establish is the constitutional 'actual malice' . . . which malice must be established as a matter of clear and convincing evidence before recovery or other relief may be obtained in the vast majority of United States jurisdictions . . . .").

evidence that [the representations] were made with an intent to deceive or recklessly made with disregard for their truthfulness was lacking. . . . The court recognizes that plaintiff could demonstrate the requisite intent by circumstantial evidence, but we failed to find sufficient evidence to avoid judgment as a matter of law, particularly when the court must consider that plaintiff was obligated to make this showing by clear and convincing evidence." *Id.*

Thus, before the instant case can be submitted to the jury for determination, Plaintiff must present clear and convincing evidence from which a reasonable person could find that Defendant acted with actual malice. Indeed, "[s]uch evidence is necessary to avoid judgment as a matter of law." See *id.* at 1482.

### III. Before the Issue of Punitive Damages may be Submitted to the Jury, Plaintiff Must Prove, by Clear and Convincing Evidence, that Defendant Acted Toward Plaintiff With Willful Conduct, Wanton Conduct, Fraud or Malice.

K.S.A. § 60-3702 sets forth the rules applicable to punitive damages in Kansas. Pursuant to § 60-3702(c):

> In any civil action where claims for exemplary or punitive damages are included, the plaintiff shall have the burden of proving, by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice.

In the instant case, Plaintiff seeks to have the issue of punitive damages submitted to the jury on the grounds that Defendant's conduct was willful, wanton, or malicious. See Plaintiff's Proposed Jury Instructions (Doc. 88), Instructions 16-19. As a threshold matter, however, the court must determine whether the plaintiff has adduced sufficient evidence to submit the issue of punitive damages to the jury. *McConwell v. FMG of Kansas City, Inc.,* 18 Kan.App.2d 839, 847, 861 P.2d 830 (1993)(" . . .Kansas has long accepted the concept that it is the responsibility of the court to initially determine whether there is sufficient evidence to justify submission of a punitive damages questions to the jury."). Accordingly, here, the Court must find sufficient

evidence of willful, wanton or malicious conduct on the part of Defendant before the issue of punitive damages can be submitted to the jury.

Both willful conduct and malicious conduct require intent. "Willful conduct is intentionally or purposefully doing wrong or causing injury to another." PIK-Civil 4th 103.04. "Malice is the intent to do harm without any reasonable justification or excuse." PIK-Civil 4th 103.05. As the Court observed at the summary judgment stage, "plaintiff has identified no evidence that defendant had actual knowledge of the falsity of the statement that plaintiff was a local porn star before broadcasting her name on the local radio morning program." Memorandum and Order (Doc. 77) at p. 13. In this regard, the evidence at trial will be consistent with the evidence presented for summary judgment.

"Wanton conduct is doing something knowing it is dangerous, and either being completely indifferent to the danger or recklessly disregarding the danger." PIK-Civil 4th 103.03. Wantonness refers to the mental attitude of the wrongdoer rather than a particular act of negligence. *Friesen v. Chicago, R.I. & P.R.R.,* 215 Kan. 316, 323, 524 P.2d 1141 (1974). Indeed, "a showing of negligence does not suffice to establish wanton conduct." *Stewart v. Southeast Kansas R. Co.,* 24 F.Supp.2d 1142, 1147 (D. Kan. 1998). Further, a distinction must be drawn between "wanton conduct" and "actual malice," which Plaintiff must prove as an element of her false light claim.  Actual malice is focused on the defendant's attitude toward the truth or falsity of the material published, whereas wantonness is focused on the defendant's attitude toward the plaintiff's privacy.  *Cantrell v. Forest City Pub. Co.,* 419 U.S. 245, 252 (1974). Therefore, to make a submissible case for punitive damages at trial on the grounds of wantonness, Plaintiff must show by clear and convincing evidence (*i.e.,* that it was *highly*

*probable*), that Defendant was aware of the danger to Ashley Patton's privacy and was completely indifferent to or recklessly disregarded the danger.

Respectfully Submitted:

**SEIGFREID BINGHAM, P.C.**

By  /s/   Frederick H. Riesmeyer, II
     Frederick H. Riesmeyer, II     D. Kan. #70401
     Shannon Cohorst Johnson     D. Kan. #23496
     911 Main Street, Suite 2800
     Kansas City, Missouri  64105
     T: (816) 421-4460
     F: (816) 474-3447
     friesmeyer@seigfreidbingham.com
     sjohnson@seigfreidbingham.com

     *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2014 a copy of the foregoing was filed electronically and was served on all parties of interest receiving electronic notices in the above-captioned proceedings through the Court's CM/ECF System.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Arthur A. Benson II
Jamie Kathryn Lansford
Arthur Benson & Associates
4006 Central Avenue
P.O. Box 119007
Kansas City, Missouri 64171-9007
Fax:  816.531.6688
abenson@bensonlaw.com
jlansford@bensonlaw.com
*Attorneys for Plaintiff*

     /s/  Frederick H. Riesmeyer, II
     Attorney for Defendant

868984v1